# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **THOMAS HAREL JENNINGS, II** ) | |
| ) | |
| Petitioner, ) | Case No. 7:06CV00604 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*Thomas Harel Jennings, II, Pro Se Petitoner.*

In this closed civil action, brought as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255, petitioner Thomas Harel Jennings presents the court with a Motion for Certificate of Appealability, a Motion to Proceed in Forma Pauperis on Appeal, and a Motion for a Free Transcript. Upon review of the record, I find that Jennings may proceed in forma pauperis in his appeal, but I will deny his other motions for lack of cause shown.

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C.A. § 2253(c)(1) (West 2006); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003). For the reasons stated

previously in this case,[1] I conclude that the Jennings has failed to make a substantial showing of denial of a constitutional right and is therefore not entitled to a certificate of appealability.

An indigent defendant who is pursuing a motion under § 2255 is entitled to free transcripts from his criminal proceedings only if the court finds that the § 2255

---

[1] In his Motion for Certificate of Appealability, Jennings raises claims not presented in his original § 2255 motion. He alleges that the attorney appointed to represent him at sentencing provided ineffective assistance by (1) failing to object to a three-point enhancement for aggravated role in the offense (endangering the safety of minor children); (2) failing to move to withdraw the guilty plea after Jennings asked counsel to do so; (3) failing to object to the drug quantity and hearsay statements at sentencing after Jennings requested objections; (4) negotiating with the prosecutor before the sentencing hearing to coerce Jennings into deciding not to withdraw his guilty plea; and (5) failing to file a notice of appeal after Jennings asked him at the sentencing hearing to do so. I dismissed Jennings's § 2255 motion after finding that he had entered a valid plea agreement waiver of his right to bring a collateral attack. *Jennings v. United States*, No. 7:06CV00604, 2007 WL 1655257 (W.D. Va. June 7, 2007).

Even if I now allowed Jennings to amend his closed § 2255 case to raise these additional claims, he would not be entitled to relief. Because Claims 1, 2, 3, and 4 in the current motion do not bear on the validity of the plea agreement or its waiver provision, these claims are waived, pursuant to that plea agreement waiver provision. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). While Claim 5 is not barred by the waiver, *see United States v. Poindexter*, Nos. 05-7635,-7636, 2007 WL 1845119 (4th Cir. June 28, 2007), it was filed outside the one-year statute of limitations, pursuant to 28 U.S.C.A. § 2255 para. 6(1) (West 2006). Jennings's conviction became final on November 15, 2005, when he did not appeal, and he first filed Claim 5 in his June 25, 2007 motion for Certificate of Appealability, more than a year and a half later. Furthermore, the claim does not relate back to any of his originally filed claims, as it is based on entirely different facts. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) (holding that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back [under Fed. R. Civ. P. 15(c)] will be in order"; otherwise, amendment filed more than one year after conviction becomes final is time-barred).

-2-

Case 7:06-cv-00604-JPJ-mfu   Document 19   Filed 07/05/07   Page 2 of 3   Pageid#: 120

motion is not frivolous and the transcript is needed to decide the issues presented in the motion. *See* 28 U.S.C. § 753(f) (West 2006); *United States v. MacCollom*, 426 U.S. 317, 326 (1976); *United States v. Shoaf*, 341 F.2d 832, 833-34 (4th Cir. 1964) (holding that indigent defendant must show some need for transcript beyond his mere desire to comb the record in hope of discovering errors to raise in habeas). I previously granted respondent's Motion to Dismiss, and Jennings noted an appeal. Jennings now requests a free copy of the sentencing transcript. This transcript is already a part of the court's record, and the court of appeals can review it in addressing Jennings' pending appeal. Therefore, I do not find that petitioner is entitled to a free copy of his sentencing transcript.

In accordance with the foregoing, it is **ORDERED** that the Motion for a Certificate of Appealability and Motion for Free Transcript are **DENIED**, and the Motion to Proceed in Forma Pauperis on Appeal is **GRANTED**.

The clerk will send a copy of this Opinion and Order to the clerk of the court of appeals.

ENTER: July 5, 2007

/s/ JAMES P. JONES
Chief United States District Judge